UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01381-FWS-ADS                                     Date: November 17, 2022
Title: Robert Letskus, Jr. v. KVC Group, LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Elsa Vargas for Melissa H. Kunig  | N/A |
|:---:|:---:|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|:---:|:---:|
| Not Present | Not Present |

**Proceedings: (IN CHAMBERS) ORDER DISMISSING CASE**

**I.     Background**

On December 21, 2021, Plaintiff Robert Letskus, Jr. ("Plaintiff") initiated this action in the United States District Court for the District of Connecticut, alleging several causes of actions against Defendants KVC Group, LLC, Prime Legal Firm, Denise Ho, and Kim Vo (collectively, "Defendants"). (Dkt. 1.) Plaintiff is represented by Mr. Gregory Peterson, Jr. and Mr. Michael Andrew Zamat, attorneys from the firm Peterson Zamat, LLC located in New Haven, Connecticut. (*Id.*)

On July 6, 2022, the Connecticut district court granted in part Defendants' motion to dismiss or transfer venue and transferred the case to the Central District of California. (Dkts. 53, 54.) The case was assigned to this court on August 1, 2022. (Dkt. 57.) On August 2, 2022, the court set a Federal Rule of Civil Procedure 26(f) scheduling conference for October 20, 2022, at 9:00 a.m. (Dkt. 61.) The court also issued three notices notifying Plaintiff's counsel—Mr. Peterson and Mr. Zamat—and Defendants Denise Ho and Prime Legal Firm's counsel—Mr. Jeffrey R. Hellman—that their pro hac vice applications were due within five business days. (Dkts. 62, 63, 64.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01381-FWS-ADS | Date: November 17, 2022 |
| Title: Robert Letskus, Jr. v. KVC Group, LLC *et al.* | |

On October 10, 2022, Defendant KVC Group, LLC filed a request to continue the Rule 26 conference because "plaintiff's counsel's application for pro hac vice has not been granted" and "[a]s a result, the parties have been unable to comply with the Court's FRCP 26f deadlines." (Dkt. 70 at 2.) The court denied this motion to continue on October 11, 2022, noting that "neither [Hellman,] Peterson nor Zamat filed a viable application to appear pro hac vice" or took "additional actions as directed by the notices" filed at Docket Nos. 62, 63, and 64. (Dkt. 71 at 1-2). The court ordered attorneys Hellman, Peterson, and Zamat "to comply with directive applicable to them, individually and respectively, in Dockets 62, 63, and 64, on or before 2:00 p.m. PST, on October 18, 2022." (*Id.* at 2.) The court further advised the parties that failure to comply with the court's order may result in sanctions or dismissal of the action. (*Id.*) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).) The court also sua sponte moved the Rule 26(f) Joint Scheduling Conference from October 20, 2022, to November 17, 2022, at 9:00 a.m. (*Id.*)

On October 21, 2022, Mr. Hellman moved to withdraw as the attorney of record for Defendants Denise Ho, KVC Group, LLC, and Prime Legal Firm. (Dkt. 73.) The court granted Mr. Hellman's motion on November 3, 2022. (Dkt. 74.)

That same day, Defendant KVC Group, LLC filed a Joint Report Rule 26(f) Discovery Plan stating counsel for Defendants KVC Group, LLC and Kim Vo was not able to comply with Rule 26(f) because Plaintiff's counsel had not submitted their pro hac vice applications. (Dkt. 75.) On November 8, 2022, Defendant Denise Ho submitted two declarations, one on her own behalf and another on behalf of Defendant Prime Legal Firm, indicating that she was "unable to engage in a meaningful meet and confer conference with Plaintiff to prepare the Joint 26(f) Report" because "Mr. Gregory Peterson, Jr. and Mr. Michael Andrew Zamat of Peterson Zamat, LLC, have not completed their application to appear Pro Hac Vice . . . ." (Dkts. 76, 77.)

The court held the Rule 26 scheduling conference on November 17, 2022. (Dkt. 79.) Mr. Michael Sayer, counsel for Defendants KVC Group, LLC and Kim Vo, and Defendant

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:22-cv-01381-FWS-ADS | Date: November 17, 2022 |
| Title: Robert Letskus, Jr. v. KVC Group, LLC *et al.* | |

Denise Ho, appearing pro se and as counsel for Prime Legal Firm, appeared at the hearing. (*Id.*) Neither Plaintiff nor Plaintiff's counsel made an appearance. (*Id.*) Both Mr. Sayer and Defendant Ho attempted to contact Plaintiff by email to discuss the Joint 26(f) Report before the hearing and received no response. (*Id.*) Mr. Sayer also indicated that he last communicated with Plaintiff's counsel via email **on or about** September 26, 2022, but has not received any other communications since that date. (*Id.*)

## I.     Legal Standard

District courts may sua sponte dismiss a plaintiff's action for failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.") (footnote omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances"); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."). In considering whether to dismiss a cause for failure to prosecute or failure to comply with a court order, the court must weigh five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

"Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors strongly support dismissal.'" *Neal v. Reslan*, 2020 WL 754366, at *1 (C.D. Cal.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01381-FWS-ADS                                      Date: November 17, 2022
Title: Robert Letskus, Jr. v. KVC Group, LLC *et al.*

Jan. 16, 2020) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)) (internal quotation marks omitted). "In a case involving sua sponte dismissal, however, the fifth . . . factor regarding the availability of less drastic sanctions warrants special focus." *Carpenter v. Riverside Sheriff's Off.*, 2022 WL 3082995, at *2 (C.D. Cal. Aug. 3, 2022) (citing *Hernandez*, 138 F.3d at 399). "The district court is not required to make explicit findings on the essential factors." *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996).

## II. Discussion

In this case, the court finds the first two factors—public interest in expeditious resolution of the ligation and the court's need to manage its docket—weigh in favor of dismissal. The court observes that Plaintiff previously participated in this case but has not filed any documents since the case was transferred to the Central District of California in July 2022. (*See generally* Dkt.) The court also notes that Plaintiff's counsel failed to comply with a court order by filing the requisite pro hac vice applications. (*See* Dkts. 62, 63.) Because Plaintiff's failure to prosecute this suit for almost four months impedes "expeditious resolution" of this suit, the court finds the first factor weighs in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.2d 983, 990 (9th Cir. 1999) (stating "the public's interest in expeditious resolution of litigation always favors dismissal"); *Pagtalunan*, 291 F.3d at 642 ("Given [Petitioner's] failure to pursue this case for almost four months, this factor weighs in favor of dismissal."). The court's need to manage its docket similarly weighs in favor of dismissal. The court finds that Plaintiff's failure to prosecute or follow court orders "hinders the [c]ourt's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently." *Carpenter*, 2022 WL 3082995, at *2; *accord Ash*, 739 F.2d at 494 ("District judges are best situated to decide when delay in a particular case interferes with docket management and public interest.").

The court also finds the third factor—risk of prejudice to the defendants—weighs in favor of dismissal. The Ninth Circuit has stated:

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01381-FWS-ADS | Date: November 17, 2022 |
| Title: Robert Letskus, Jr. v. KVC Group, LLC *et al.* | |

> [T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. . . . The law presumes injury from unreasonable delay. However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion.

*In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

Here, Plaintiff has not presented sufficient evidence demonstrating that the delay resulting from his failure to prosecute did not prejudice Defendants. Accordingly, Plaintiff has not rebutted the presumption of actual prejudice, and this factor weighs in favor of dismissal.

The fourth factor—the public policy favoring disposition of cases on their merits—almost always weighs against dismissal. *See Hernandez*, 138 F.3d at 399 ("[T]he public policy favoring disposition of cases on their merits counsels strongly against dismissal."). However, "[a]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Here, the court finds that Plaintiff has not moved towards a disposition on the merits at a reasonable pace by submitting pro hac vice applications despite court orders instructing counsel to do so and reasonable time to complete the applications. Accordingly, the court concludes that the public policy favoring dispositions on the merits is outweighed by the other factors.

Finally, the court finds the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal because the court previously attempted less drastic alternatives. Here, the court provided substantial time for Plaintiff's counsel to submit pro hac vice applications and sufficient notice that this case may be dismissed for failure to prosecute or

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01381-FWS-ADS    Date: November 17, 2022
Title: Robert Letskus, Jr. v. KVC Group, LLC *et al.*

comply with court orders. The court first issued a notice on August 2, 2022, instructing Plaintiff's counsel to submit their pro hac vice application within five business days. (*See* Dkts. 62, 63.) The notice explicitly stated: "If within 5 business days of the date of this notice you have not filed a Pro Hac Vice application or returned this completed notice, as directed above, the judge to whom this case is assigned will be notified and may impose sanctions at that time. You may also be removed as attorney of record from the docket." (*See* Dkts. 62, 63.)

When Plaintiff's counsel did not timely file the applications, the court issued a second order on October 11, 2022, ordering Plaintiff's counsel to file their pro hac vice applications and stating that "[f]ailure to comply with the court's order may result in sanctions or dismissal of the action." (Dkt. 71 at 2 (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) and *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002)).)

Finally, the court provided Plaintiff an additional opportunity to be heard at a hearing on November 17, 2022. (Dkt. 79.) Neither Plaintiff nor Plaintiff's counsel appeared at the hearing. (*Id.*)

Given the court's repeated warnings and Plaintiff's numerous opportunities to submit the requisite pro hac vice applications, the court finds that less drastic sanctions are unavailable in this case. *See Ash*, 739 F.2d at 497 ("[Plaintiff] was notified of the impending dismissal and given an opportunity to preserve his action by explaining the delay and going forward with the case. [Plaintiff] failed to respond to the notice in any way. It was not an abuse of discretion for the district court to decide the disinterest exhibited by [Plaintiff] in relation to the notice was indicative of his interest in the entire case."). Accordingly, the court concludes this factor weighs in favor of dismissal.

Because factors one, two, three, and five weigh strongly in favor of dismissal, the court **DISMISSES** the case **WITHOUT PREJUDICE**.

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:22-cv-01381-FWS-ADS | Date: November 17, 2022 |
| Title: Robert Letskus, Jr. v. KVC Group, LLC *et al.* | |

### III. Disposition

For the reasons set forth above, the court **DISMISSES** the case **WITHOUT PREJUDICE**.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: eva/mku